## JAMES NORFLEET *v*. JABIN E. BEALL.

DEED. *Undue influence. Confidential friend. Invalid grantor. Family physician.*

A deed from an invalid, credulous and weak-minded old woman, prepared by the attorney of the grantee, purporting to convey her entire estate, a parcel of land, with the reservation of a life estate in the grantor, to her family physician and confidential friend, in consideration of care and medical attention and fifty dollars, is void, in the absence of evidence showing that the transaction was free from fraud and undue influence.

FROM the chancery court of, first district, Hinds county.

HON. HENRY C. CONN, Chancellor.

Norfleet, appellant, was complainant, and Beall, appellee, a colored physician, was defendant in the court below. From

a decree dismissing the bill the complainant appealed to the supreme court. The facts are stated in the opinion of the court. It may be added, however, that the land was shown to have been worth one thousand dollars.

*Harper & Potter,* for appellant.

The evidence as to the value of the property in question varies from $700 to $1,400. It is undenied that Elizabeth was never allowed to consult her friends, white or black, and had no advice, legal or otherwise, and she seems to have been guarded until the affair had been hurriedly concluded.

There is no proof that she understood, or was capable of understanding, the complicated conveyance, or that it would cut her son out, or that the doctor's bill for William was not a debt that she was bound to secure or pay.

The impropriety of the transaction before the court is so gross as to shock a person of decent sensibilities.

That a family physician holding, as it were, the life of his patient in his hands, should so situate himself as to become interested in her death, when his stimulus and reward should be in her continued good health and long life, is monstrous.

The record shows that Dr. Beall was the trusted friend and family physician of Elizabeth Robinson, an illiterate negro, seventy-five years of age. This much is undisputed, and it is a fact known to all men that untrained minds are weak at that stage, and it is only by hard training and use that the mind remains intact after three score years and ten. But this is not all. We think that the court must be satisfied, from the great preponderance of the evidence in the case, that this old woman was a person of weak mind and of great credulity.

The inequality of the situation is appalling. A poor, old negro woman, past her allotted days, pressed by her son's infirmity and weakness and suffering, set upon by and trafficking with men of cunning, seeking to promote their own interest,

without aid or counsel of friends, she was, and was of necessity bound to come to the terms proposed by her physician and pretended friend. She was made to feel that her son's life hung in the balance. *Allore* v. *Jewell,* 94 U. S., 506; 2 Pomroy's Equity Jurisprudence, 963; *Clark* v. *Lopez,* 75 Miss., 932.

*Stirling & Harris,* for appellee.

A person of weak mind has as much right to convey property as one of great mental capacity, if no undue influence is exerted, and the evidence of Beall, and every one of the witnesses who were present at the execution of the deed, show that there was no pressure or influence used at the time by Beall to induce its execution.

The evidence absolutely fails to sustain the contention of the bill that there was failure or inadequate attention rendered by Dr. Beall, even the witnesses for appellant in some instances testifying that he went to see William Henry as often as twice a day, and Jones, witness for appellant, testified that Dr. Beall treated William Henry for several years. *Bunch* v. *Shannon,* 46 Miss., 525; *Simonton* v. *Bacon,* 49 Miss., 582; *Plant* v. *Plant,* 76 Miss., 560; *Ala. etc. R. Co.* v. *Turnbull,* 71 Miss., 1029; *Watson* v. *Mahon,* 20 Ind., 236; *Crispell* v. *Duboys,* 4 Bar. 393.

Argued orally by *Wiley H. Potter,* for appellant, and by *J. B. Stirling* and *Girard Harris,* for appellee.

PRICE, J., delivered the opinion of the court.

James Norfleet filed a bill in the chancery court of Hinds county, as the brother and only heir at law of Elizabeth Robinson, deceased, against Dr. J. E. Beall, to cancel as fraudulent and void a deed of conveyance made by Elizabeth Robinson to a certain lot of land in the city of Jackson, for a recited consideration of care and medical attention for herself and only son

and $50 cash.    Dr. Beall took a deed to the land, with a life estate reserved to his patient, Elizabeth Robinson.

The conveyance is assailed on the grounds that she was over-reached, and the deed procured by fraud and an inadequate consideration.    There was a decree for the defendant in the court below, and the case comes here on appeal by the heir of Elizabeth Robinson.    She was an ignorant, credulous, weak-minded negro woman, seventy-four years of age, the only support of an invalid son, whose drunken life for many years had made him a heavy charge upon her pecuniary means of support. When the deed was made he was within a few months of the grave, in fact within eight months both mother and son were dead, and the life estate gone out, and the doctor in full possession of his reward.

The old, feeble negro woman, with physical and mental powers weakened by sickness, suffering, and age, pressed by the infirmity and great suffering of her only boy, stood on no terms of equalty with her confidential friend and family physician and his attorney.    She was no match for the astute physician and his attorney, who drove out to her home with deed prepared for no other purpose but to see the novelty of an old colored woman disinherit her only son and convey to her family physician, confidential friend, and adviser all the property she possessed on this earth except the life estate in her home.    Such a transaction between parties sustaining such relations cannot be sustained in a court of equity, unless the proof leaves the transaction free from fraud and undue influence.    The fraud in this whole transaction is so perfectly manifest to this court that the deed cannot stand the required test, and it is therefore cancelled as fraudulent in its procurement, and the case is reversed and remanded to be proceeded with according to law.

*Reversed and remanded.*